IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                Crim. No. 12-163 MCA

GAVIN YEPA,

        Defendant.

**<u>ORDER</u>**

This case is before the Court upon Defendant's alternative *Motion to Dismiss the Case* on Sixth Amendment Speedy Trial grounds. [Doc. 168 and 169 at 22-27] The Court has considered the written submissions of the parties, the record in this case, and the applicable law, and is otherwise fully advised.

Much of the procedural background to this motion is set out in the Court's January 23, 2014 Order Continuing Pretrial Detention [Doc. 150].   After that Order was entered, the Court of Appeals reversed the Court's August 11, 2013 Order [Doc. 121], remanding the case for further proceedings [Doc. 155].   Pursuant to the Court of Appeals' mandate, the Court held an evidentiary hearing on September 15-16, 2014.   On December 31, 2014, the Court entered its Order on Remand [Doc. 199], once again excluding the United States' Exhibit 234.   The United States brought an interlocutory appeal from the Court's Order on Remand [Doc. 213]. On June 17,

2015, the Court of Appeals affirmed the Court's Order on Remand.  On July 14, 2015, the Court entered its mandate [Doc. 246].  The Court selected a jury on July 27, 2015, trial proper began on July 29, 2015, and the jury returned a guilty verdict on August 7, 2015.

Defendant's Speedy Trial Claim involves four inquiries: "[1] whether delay before trial was uncommonly long, [2] whether the government or the criminal defendant is more to blame for that delay, [3] whether, in due course, the defendant asserted his right to a speedy trial, and [4] whether he suffered prejudice as the delay's result."  *Doggett v. United States*, 505 U.S. 647, 651 (1992).

Defendant's constitutional right to a speedy trial attached on January 3, 2012, the date he was charged and arrested. *United States v. Hicks*, 779 F.3d 1163, 1167 (10th Cir. 2015).  His trial began on July 27, 2015, when jury selection commenced.  Thus, the Court is concerned with total delay of approximately three and one-half years.  This delay is sufficiently lengthy to trigger consideration of the remaining factors.  *Doggett*, 505 U.S. at 652 n.1.

Turning to the second factor, the Court notes that it initially set this case for trial beginning on April 4, 2012. [Doc. 26] On March 21, 2012, Defendant filed an unopposed motion asking the Court to vacate and reset the trial [Doc. 27]. The Court granted the motion, resetting the trial for June 2012. [Doc. 28] On April 4, 2012, Defendant filed an unopposed motion seeking to have his case designated as complex for speedy trial purposes. [Doc. 29]  The Court granted Defendant's motion entering an Order Designating Case Complex for Speedy Trial Purposes on April 11, 2012. [Doc. 30] The Order vacated the June 2012 trial setting, without resetting the trial. Thereafter, the parties jointly moved the Court for a scheduling order. [Doc. 31] The Court granted the motion, setting the trial for January 2013. [Doc. 32] On September 27, 2012, the United States filed an

2

unopposed motion for an amended scheduling order. [Doc. 35] On October 1, 2012, the Court entered its Second Amended Scheduling Order, granting the motion and vacating the January 2013 trial setting, without resetting the trial. [Doc. 36] On November 1, 2012, the Court held a telephonic status conference. On November 9, 2012, the Court entered its Third Scheduling Order [Doc. 39], setting Defendant's trial to begin on August 14, 2013.

The Supreme Court has divided the reasons for delay into three categories. 5 Wayne R. LaFave *et al.*, *Criminal Procedure* § 18.2 at 121 (3d ed. 2007).

As to the delay prior to August 14, 2013, the Court finds this delay attributable to a "valid" reason: the parties' mutual recognition that Defendant's case was a relatively complex case, requiring additional time to properly prepare for trial.

As to the delay subsequent to August 14, 2013, the Court finds that the United States did not deliberately withhold evidence of the 911 call to obtain a tactical advantage; rather, the delay subsequent to August 14, 2013 in bringing Defendant to trial is traceable to the United States' "findable negligence," *Doggett*, 505 U.S. at 653, which resulted in the United States' untimely designation of the recording of the 911 call and the Court's exclusion of the recording as a sanction for violating the Court's scheduling order. The United States' efforts to evade the consequences of its negligence led to two interlocutory appeals, Nos. 13-2149 and 15-2018, the second of which affirmed this Court's exclusion of the 911 call. *United States v. Yepa*, 608 Fed. App'x 672 (10th Cir. 2015). That said, the Court bears in mind that "[g]iven the important public interests in appellate review, it hardly need be said that an interlocutory appeal by the Government ordinarily is a valid reason that justifies delay." *United States v. Loud Hawk*, 474 U.S. 302, 315 (1985). Having given consideration to the pertinent factors identified by the Supreme Court, *Loud Hawk*,

474 U.S. at 315, the Court finds that the United States' position on appeal was non-frivolous,[1] the 911 recording was a potentially critical piece of evidence, and Defendant was charged with an extremely serious crime. The Court finds that the United States acted reasonably in pursuing the two appeals, but the fact remains that the appeals would not have occurred but for the United States' negligence in conducting its investigation. The Court concludes that, overall, the second factor favors the United States for the delay up to August 2013 and slightly favors Defendant as to the delay occasioned by the United States' appeals.

With respect to the third factor, the Court finds that Defendant timely and strenuously objected to the continuance of his trial beyond the scheduled August 2013 setting. This factor favors Defendant.

With respect to the fourth factor, the Court has considered the interests that the speedy trial right furthers: "(i) the prevention of oppressive pretrial incarceration; (ii) minimization of anxiety and concern of the accused; and (iii) [the] minimization of the possibility that the defense will be impaired." *United States v. Larson*, 627 F.3d 1198, 1209 (10th Cir. 2010) (internal quotation marks omitted). As to the first interest, the Court finds that Defendant was subjected to pretrial incarceration beyond the time reasonably necessary to prepare his case for trial. This first interest therefore counts in Defendant's favor. As to the second interest, Defendant has not shown that he suffered some "special harm" beyond that experienced by any defendant. *Hicks*, 779 F.3d at 1169. Accordingly, the second interest does not favor Defendant. Turning to the third interest, the Court finds that Defendant has not made an affirmative showing that his defense was adversely affected by the additional delay in bringing him to trial. Having reflected on the course of the

---

[1] Indeed, as to the governing standard, *Wicker* vs. Fed. Crim. Proc. 45(b)(1)(B), the United States prevailed. This is prima facie evidence of the reasonableness of the United States' position on this point. *Loud Hawk*, 474 U.S. at 316.

trial, the Court finds that Defendant did not suffer "particularized prejudice," *Doggett*, 505 U.S. at 655, to his defense from the delay caused by the second appeal. At most, Defendant may have suffered un-particularized prejudice from "time's erosion of exculpatory evidence and testimony." *Id.* But for presumptive prejudice to excuse a particularized showing of prejudice the delay must be extreme, *Hicks*, 778 F.3d at 1168, and only delay solely attributable to government counts, *id.* at 1169. The delay in Defendant's case occasioned by the United States' two appeals is far short of the six-year threshold adopted by the Court of Appeals. Therefore, the third interest strongly favors the United States. The Court concludes that on balance the three interests subsumed by the fourth *Barker* factor tip in the United States' favor.

Lastly, having reviewed the *Barker* factors individually, the Court must determine whether the balance of the four factors leads to the conclusion that Defendant's Sixth Amendment right to a speedy trial was violated. Up until August 2013, the parties were proceeding with "customary promptness" in preparing a relatively complex case for trial. It is only after August 14, 2013 that Defendant was subjected to pretrial delay beyond the time reasonably necessary to prepare his case for trial. Defendant strenuously objected to continuing the August 2013 trial setting. The delay subsequent to August 14, 2013 is attributable to the United States' "findable negligence," rather than an attempt to obtain a tactical advantage. The United States prevailed in part in the first appeal, and although it lost the second appeal, its decision to appeal the Order on Remand was reasonable under the circumstances. The circumstance that causes the Court the most concern is the close to two additional years of pre-trial incarceration that Defendant was forced to endure traceable to "findable negligence" of the United States, but that circumstance is not accompanied by a showing that the delay occasioned by the appeals caused particularized prejudice to his

5

defense.  Ultimately, the Court concludes that Defendant was not deprived of a speedy trial.

**WHEREFORE IT HEREBY IS ORDERED** that Defendant's alternative *Motion to Dismiss the Case* on Sixth Amendment Speedy Trial grounds [Doc. 169 at 22-27] is **denied**.

**So ordered this 28th day of March, 2016.**

_____
M. CHRISTINA ARMIJO
Chief United States District Judge